UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAUN RUSHING,

                Plaintiff,

        -against-

GREEN DOT,

                Defendant.

1:21-CV-9794 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is a resident of Grand Rapids, Michigan, filed this action *pro se*. By order dated December 7, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff submits this one-page complaint alleging that Defendant Green Dot is discriminating against him. Plaintiff also alleges that "[t]here has been know[n] wrongdoing by [Plaintiff]." (ECF 1, at 1.) He further alleges that he is "still getting discriminated against and refused by Green Dot." (*Id.*) Plaintiff seeks 10 trillion dollars in damages.

## DISCUSSION

Plaintiff's complaint does not comply with Rule 8's requirement that a complaint provide a short and plain statement showing that the plaintiff is entitled to relief. Plaintiff asserts that Green Dot is discriminating against him, but he does not allege any facts in support of that claim.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*,

861 F.2d 40, 42 (2d Cir. 1988). The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case, however, depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90, 100-03 (2d Cir. 2010). A frequent *pro se* litigant may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Plaintiff is a prolific litigator, having filed scores of lawsuits in federal courts in Michigan, the District of Columbia, and in this court. The United States District Court for the Western District of Michigan has enjoined Plaintiff from filing future civil actions IFP in that court after Plaintiff filed 27 complaints in that court that were "indisputably meritless." *Rushing v. Kent Cnty. Facility*, No. 1:07-CV-0580, 2007 WL 2249119 (W.D. Mich. July 31, 2007). On November 5, 2021, this Court ordered Plaintiff to show cause why a similar filing injunction should not be imposed on Plaintiff by the Court. *Rushing v. Extra Space Storage*, ECF 1:21-CV-9113, 4 (S.D.N.Y. Nov. 5, 2021); *see also Rushing v. Kent Cnty. Extra Space Storage*, ECF 1:21-CV-9120, 4, at 3 n.2 (S.D.N.Y. Nov. 29, 2021) (noting that Plaintiff "has also filed at least ten actions in the United States District Court for the District of Columbia, most of which resemble the complaint in this action and were dismissed for failure to comply with minimal pleading standards or for lack of subject matter jurisdiction").

In light of this litigation history, the Court finds that Plaintiff should have been aware when he filed this complaint that his allegations fail to state a claim. It is also worth noting that Plaintiff filed this complaint after he had been ordered to show cause why this Court should not

3

impose a filing injunction on him. Because this action is not a departure from Plaintiff's pattern of vexatious litigation, the Court declines to grant him leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 20, 2021
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge